IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY, MARYLAND

**JONATHAN ALSTON**
10006 CEDARHOLLOW LANE
LARGO, MARYLAND 20774

    Plaintiff,

v.                                    Case No. CAL20-18898

**MACY'S, INC.**
CORPORATE CREATIONS NETWORK INC
3411 SILVERSIDE ROAD, STE 104
WILMINGTON, DE 19810

    Defendant,

**FDS THRIFT HOLDING CO.**
CORPORATE CREATIONS NETWORK INC
119 E. COURT STREET
CINCINNATI, OHIO 45202

    Defendant,

**NAVY FEDERAL CREDIT UNION**
MARY A MCDUFFIE
820 FOLLIN LANE SE
VIENNA, VIRGINIA 22180

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Jonathan Alston, sues the Defendants, and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA").

### PARTIES TO THIS ACTION

2. Plaintiff is a natural person who resides in the state of Maryland. At all times relevant he was a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).



1

3. Macy's Inc. ("MACYS") is a national retail chain store. MACYS is the parent company to FDS Thrift Holding Co. ("FDS"), a federal savings bank that provides credit cards. Department Stores National Bank ("DSNB") is a subsidiary of FDS.

4. Navy Federal Credit Union ("NFCU") is the largest credit union in the world. NFCU has more than 8 million members, 300 branches throughout the United States and over $100 billion in assets.

## FACTUAL ALLEGATIONS

5. There are three items on Plaintiff's credit report that contain negative information.

6. DSNB/MACYS is reporting a charge-off debt with a $124 past due balance.

7. DSNB/MACYS' reporting of the payment history was inaccurate because it reported several charge-offs when there was only a single charge-off and reported the charge-off occurred recently when the charge-off occurred several years ago.

8. DSNB/MACYS' reporting of the balance and status was inaccurate because it reported the charge-off as unpaid with a $124 balance when the debt had been paid.

9. NFCU is reporting a charge-off to two credit bureaus and reporting two charge-offs, including a duplicate to another credit bureau.

10. NFCU's reporting of the payment history was inaccurate because it reported several charge-offs when there was only a single charge-off and reported the charge-off occurred recently when the charge-off occurred several years ago.

11. NFCU's reporting of the second charge-off was inaccurate because Plaintiff did not have two charged-off accounts.

## COUNT ONE: VIOLATIONS OF FCRA

12. Plaintiff incorporates paragraphs 1 – 11 by reference.

13. On or about August 28, 2020, Plaintiff mailed written letters to the credit bureaus that disputed the inaccurate information being furnished on his credit reports.

14. Approximately 30 days later, Plaintiff received dispute results from the credit bureaus that stated the defendant furnishers did not make any corrections to their reporting.

15. Upon information and belief, the Defendants received an ACDV and a copy Plaintiff's dispute letter from the credit bureaus.

16. A proper response to Plaintiff's dispute required the Defendants to verify the information in its system was accurate. However, the Defendants did not take any steps to verify the information in its system was correct. Instead, the Defendants merely confirmed that the information they furnished to the credit bureaus matched with the information in its system.

17. Defendants' failure to properly respond to Plaintiff's dispute violated the FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E) by failing to: (a) fully and properly investigate the credit disputes; (b) review all relevant information provided by the credit bureaus; (c) report the results of their investigation; (d) failing to report the proper dispute status; and (e) failing to notify the credit bureaus that the disputed information was inaccurate, incomplete or unverified.

18. Defendants' violations were the result of deliberate procedures that were intended to shortcut their responsibilities under the FCRA as the Defendants adopted a policy of doing cursory, perfunctory reviews of credit disputes to save costs of a proper investigation.

19. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

20. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

21. Plaintiff is entitled to recover actual, statutory damages, punitive damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n for their intentional and willful violations of the FCRA. Alternatively, Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681o for Plaintiff's negligent violations of the FCRA.

## COUNT TWO: DEFAMATION

22. Plaintiff incorporates paragraphs 1 – 21 by reference.

23. Defendants knew their reporting was false.

24. The records of Defendants clearly established their reporting was inaccurate.

25. Defendants' reporting constituted a defamatory statement because it was injurious to Plaintiff's financial profile, credit profile and employment profile.

26. Defendants knew by reporting the false information to the CRAs, the credit information would be reported to other third parties.

27. Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: damage to his financial reputation, reduced credit score, loss of credit opportunity and emotional distress.

WHEREFORE, Plaintiff seeks judgment in his favor for the following: (a) A jury award of statutory, actual and punitive damages; (b) Award costs and reasonable attorney's fees and costs; and (c) Any such other relief the Court deems just, equitable and proper.

**Date: November 17, 2020**                             Respectfully submitted,

Jonathan Alston
10006 Cedarhollow Ln
Largo, MD 20774
(301) 538-8095
*Pro Se Plaintiff*

4